

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| 511 COUCH LLC, DENNIS BROWN, PROFESSIONAL REPORTERS, INC., JOHN NIEMEYER, LINDA ALEXANDER and DEANN BROWN,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, STATE FARM FIRE AND CASUALTY COMPANY, MEDLEY TURRENTINE, MICHELL DALLAL<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CJ-2014-5637<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED PETITION

COME NOW the Plaintiffs, 511 Couch LLC, Dennis Brown, Professional Reporters, Inc., John Niemeyer, Linda Alexander and DeAnn Brown, and, for their causes of action against the Defendants, Travelers Property Casualty Company of America ("Travelers"), State Farm Fire and Casualty Company ("State Farm"), Medley Turrentine, and Michell Dallal, allege and state:

1. Plaintiffs purchased insurance policies (Travelers policy number LHD384134 and State Farm policy number 96-C1-7314-7) for the protection of their real and personal property located at 511 Couch Drive, Oklahoma City, Oklahoma.

2. On May 31, 2013, the subject property was damaged by water.

3. Plaintiffs made claims with Defendants, Travelers and State Farm, under the policies and have otherwise complied with all conditions precedent to receiving policy benefits.

EXHIBIT 3

4. Defendants, Travelers and State Farm, have breached the insurance contracts and the implied covenants of good faith and fair dealing, as a matter of standard business practice, in the following respects:

   a. constructively denying Plaintiffs' claims by failing to make timely payments;

   b. failing and refusing to promptly pay benefits at a time when Defendants knew Plaintiffs were entitled to those benefits;

   c. failing to properly investigate Plaintiffs' claims;

   d. withholding payment of benefits to Plaintiffs knowing that Plaintiffs' claims for those benefits were valid;

   e. refusing to honor Plaintiffs' claims in some instances for reasons contrary to the express provisions of the policy and Oklahoma law;

   f. refusing to honor Plaintiffs' claims in some instances by applying restrictions not contained in the policy;

   g. refusing to honor Plaintiffs' claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

   h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims in which coverage is reasonably clear;

   I. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under the policies;

   j. forcing Plaintiffs to retain counsel in order to secure benefits Defendants knew to be owing under the policy;

   k. refusing to honor the coverage Defendants knew it had promised to the insured;

2

EXHIBIT 3

l.  intentionally misrepresenting the insurance coverages to Plaintiffs;

m.  failing to properly evaluate any investigation that was performed;

n.  acting in a manner inconsistent with universally recognized claim handling standards and Oklahoma law;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to the Defendants.

5. Defendants, Turrentine, and Dallal, owed a duty to exercise reasonable care, skill, and diligence to procure appropriate insurance coverages in sufficient amounts for the protection of Plaintiffs' property. These Defendants were negligent and breached their contract in the procurement of the insurance coverages for Plaintiffs' property.

6. As a direct result of the above described wrongful acts and omissions by all Defendants, Plaintiffs have suffered loss of policy benefits and other damages.

7. Defendants', Travelers and State Farm, acts and omissions were willful and malicious or grossly reckless and wanton, and Plaintiffs are entitled to recover punitive damages.

WHEREFORE, Plaintiffs demand judgment against all Defendants in an amount in excess of $75,000.00 for compensatory damages, and against Defendants, Travelers and State Farm, in an amount in excess of $75,000.00 for punitive damages, plus interest, costs, attorney fees, and for any other relief the Court deems to be equitable and just.

**EXHIBIT 3**

Respectfully submitted,
BEELER, WALSH & WALSH, P.L.L.C.

/s/ *signature*

MICKY WALSH, OBA No. 9327
DEREK S. FRANSEEN, OBA No. 30557
4508 N. Classen Boulevard
Oklahoma City, OK 73118
Telephone: (405) 843-7600
Telephone: (405) 810-9339
Facsimile: (405) 606-7050

and

KENT R. McGUIRE, OBA #13150
MCGUIRE LAW FIRM
3847 S. Boulevard, Suite 200
Edmond, OK 73013
Telephone: (405) 513-5658
Facsimile: (405) 509-2591
kent@kentmcguirelaw.com

**EXHIBIT 3**