## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 511 COUCH LLC; DENNIS BROWN;<br>PROFESSIONAL REPORTERS, INC.;<br>JOHN NIEMEYER; LINDA<br>ALEXANDER; and DEANN BROWN; | )<br>)<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1279-F |
| | ) | |
| TRAVELERS PROPERTY<br>CASUALTY COMPANY OF<br>AMERICA; STATE FARM FIRE<br>AND CASUALTY COMPANY;<br>MEDLEY TURRENTINE; and<br>MICHELL DALLAL; | )<br>)<br>)<br>)<br>)<br>) | (District Court of Oklahoma County,<br>Case No. CJ-2014-5637) |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This action was removed to this court on diversity jurisdiction. The Amended Petition, doc. no. 1-3, alleges damage to plaintiffs' real and personal property located at 511 Couch Drive, Oklahoma City, Oklahoma. Plaintiffs allege the property was damaged by water on May 31, 2013; that defendants failed to pay all benefits due under insurance policies; and that defendants breached the implied covenant of good faith and fair dealing.

Two motions to remand are before the court, brought under 28 U.S.C. §1447(c).[1] The first motion is filed by plaintiffs 511 Couch LLC, John Niemeyer and

---

[1]Section 1447(c) provides that a motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under §1446(a). The Notice of Removal states that this action was removed pursuant
(continued...)

Linda Alexander.  Doc. no. 21.  The second motion is filed by plaintiff Professional Reporters, Inc.  Doc. no. 24.  All issues have been fully briefed.

Issue Presented

Plaintiffs[2] challenge the removal of this action as procedurally defective for failure of all of the defendants to join in the removal or to file their consent to the removal.  Travelers Property Casualty Company of America (Travelers), as the removing party, has the burden to show that the challenged removal was proper.  Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

Removal Statutes

Title 28 U.S.C. §1446(b)(2)(A) provides that:

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

Plaintiffs argue the removal was defective for failure to timely comply with this unanimity requirement.

Timeliness requirements are established by §1446(b)(1).  *See*, Henderson v. Holmes, 920 F.Supp. 1184, 1186-88 (D. Kan. 1996) (quoting §1446(b)(1); Holmes's consent came more than thirty days after the original petition was served on him, citing the thirty-day time limitation of § 1446(b)).  To the extent pertinent here, §1446(b)(1) provides:

---

[1](...continued)
to §1441 (as a civil action brought in a state court of which the district courts of the United States have original jurisdiction) and § 1446(a) (procedure for removal of civil actions ).  The remand motions are timely.

[2]When this order refers to the plaintiffs, it refers to those plaintiffs which have moved to remand.

The notice of removal of a civil action...shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based....

## Background Facts

This action was filed in state court on October 9, 2014.  Doc. no. 1-2.

The Petition was not signed.  Doc. no. 1-2.

Service papers have been submitted by Travelers purporting to show service on each of the four defendants on October 16, 2014.  Doc. no. 21-1.  Defendants do not dispute these service papers (although they contend service of the unsigned Petition did not trigger the thirty-day window).

An Amended Petition, which was signed, was filed in state court on October 23, 2014.  Doc. no. 1-3.

Travelers removed this action on November 14, 2014.  Doc. no.1.

The Notice of Removal states that "Co-defendants Dallal and State Farm consent to this removal."  The Notice of Removal also states that "Co-defendant Turrentine has not yet filed an answer in this action and it is unknown if Plaintiffs have properly effectuated service."  Doc. no. 1, ¶¶ 6-7.

Other than Travelers, which signed the Notice of Removal via the signature of their attorney, no other defendants (or their attorneys) signed the Notice of Removal or otherwise joined in the Notice of Removal.

Among the non-removing defendants (Turrentine, Dallal and State Farm), only Turrentine filed a Consent to Removal.

Turrentine's Consent to Removal was filed on November 25, 2014.  Doc. no. 10.

Discussion

*Defendant Medley Turrentine*[3]

Defendants argue that Medley Turrentine was fraudulently joined to defeat diversity and that as a result it was not necessary for Medley Turrentine to join in the removal.  *See*, 16 Moore's Federal Practice, §107.11[1][d] at n.34.1 (Matthew Bender 3d Ed.) (defendants who are fraudulently joined to prevent removal, need not join in the removal notice).

The Amended Petition alleges that the insurance policies are a Travelers policy and a State Farm policy, and that plaintiffs made claims under these policies with Travelers and State Farm.  The Amended Petition alleges that Travelers and State Farm breached the insurance contracts and the implied duty of good faith and fair dealing.  The Amended Petition does not identify defendant Turrentine (or Dallal) as an agent (or as anything, for that matter).  The only allegations which mention Medley Turrentine (or Dallal) by name, aver that Medley Turrentine and Michell Dallal owed a duty to use reasonable care to procure appropriate insurance coverages in sufficient amounts for protection of plaintiffs' property, and that they were negligent and breached their contract in the procurement of the insurance.  Doc. no. 1-3, ¶ 5.  The only other numbered paragraph of the Amended Petition which even remotely implicates these two defendants is ¶ 6, which simply refers to "all Defendants."  That paragraph alleges, in conclusory terms, that as a direct result of acts of all defendants, plaintiffs have suffered loss of policy benefits and other damages.  ¶ 6.

Thus, the only claim purportedly alleged against Medley Turrentine with any arguable specificity is a negligent procurement claim, or a variation of this claim

---

[3]The Petition lists Medley Turrentine & Associates, LLC as a party, and the service papers were addressed to Medley Turrentine & Associates, LLC.  Doc. nos. 1-2, 21-1.  The Amended Petition lists this defendant as "Medley Turrentine."  Doc. no. 1-3.  Either way, the result stated in this order stays the same.

alleging that the defendants' negligent procurement constituted (in some unidentified way) a breach of the policy. The negligent procurement allegations, however, are merely conclusory. Moreover, rulings from various judges in this district, as well as other courts, hold that a negligent procurement claim is not permitted in Oklahoma in circumstances like those alleged in this action. *See*, *e.g.*, McIntire v. Scottsdale Insurance Co., CIV-14-1318-F, Order at doc. no. 12 (dismissing negligent procurement claim and other types of negligence claims alleged against insurer); Rivera v. Hartford Insurance Co., CIV-14-1082-HE, order at doc. no. 16 (Oklahoma has not imposed a duty on insurance companies or their agents to advise an insured with respect to his needs; dismissing negligent procurement claim along with other types of negligence claims). Nor would any other type of negligence claim be permitted against Medley Turrentine in the circumstances alleged here. As Judge Heaton concluded in Smith v. Allstate Vehicle and Property Insurance Co., CIV-14-0018-HE (Order at doc. no. 23) with respect to the non-diverse insurance agent, the agent was fraudulently joined with respect to negligent procurement claim and other types of negligence claims, constructive fraud claims, and breach of fiduciary duty claims.

As reviewed in Smith, to determine fraudulent joinder issues, the court resolves disputed fact questions and ambiguities in the controlling law in favor of the non-removing party, then determines whether there is any possibility of recovery against the party whose joinder is questioned. Smith at p. 2, and authorities cited there. In Smith, Judge Heaton concluded that "None of these allegations suffice to state a valid claim against defendant Muse [the agent]." *Id*. at p.3. The same is true here with respect to Medley Turrentine. There was never any possibility of recovery against Medley Turrentine, who was fraudulently joined to defeat diversity.

A fraudulently joined defendant need not join in the removal notice.   16 Moore's Federal Practice, *supra*,§107.11[1][d], n.34.1.   Accordingly, although plaintiffs argue that Medley Turrentine's Consent to Removal is untimely because it was filed on November 25, 2014 (more than thirty days after service of the Petition on October 16, 2014), the court need not address that issue.   As a fraudulently joined defendant, Medley Turrentine's failure to join in the Notice of Removal, and the argued-for failure of Medley Turrentine to file a timely Consent to Removal, do not require remand.

### *Defendant Michell Dallal*

Defendants argue that defendant Michell Dallal was fraudulently joined.

In addition, defendants argue that Dallal's lack of joinder in the removal and failure to file a Consent to Removal, need not be considered because Dallal is a nominal defendant.   As stated in Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325 (5th Cir. 1970), "The law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition.   However, nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal."   *Id*. at 326-27, citations omitted.

The only allegations which refer to Michell Dallal specifically are those in ¶5 of the Amended Petition. That bare bones allegation regarding negligent procurement has been addressed in the portion of this order that deals with Medley Turrentine's status.   *See*, doc. no. 1-3, ¶ 5 (alleging negligent procurement by Dallal), *and see*, ¶6 (a conclusory reference to "all defendants").   Oklahoma courts do not recognize a negligent procurement claim against Dallal in the circumstances alleged here.   *See*, orders in various insurance cases in this district, such as McIntire, *supra*, Rivera, *supra*, and Smith, *supra*.   Accordingly, there was never any possibility of recovery

against Dallal.  The court concludes that Michell Dallal was fraudulently joined to defeat diversity.

Whether a party is a nominal party depends on the facts of the case.  Some courts have considered a party nominal if there is no possibility the plaintiff would be able to establish a cause of action against the party; other courts have stated different tests. 16 Moore's Federal Practice, *supra*, § 107.11[1][d] at nn. 33 - 33.5.  Here, under any test, Dallal's nominal status is evident based on the law and the alleged facts.  Dallal's nominal status is also evidenced by the lack of an objection to Dallal's Motion to Dismiss.  The court deemed the motion confessed and Dallal was dismissed from this action on December 23, 2014.  Doc. no. 27.  The court concludes that Michell Dallal was a nominal party.

For both of these reasons (fraudulent joinder, nominal defendant) Michell Dallal's failure to join in the Notice of Removal and failure to file a timely Consent to Removal do not require remand.

### *Defendant State Farm*

Defendant State Farm Fire and Casualty Company (State Farm) did not remove this case or join in the Notice of Removal and has not filed a timely (or even an untimely) Consent to Removal.  The parties do not argue that State Farm is fraudulently joined or that it is only a nominal party.

What is different about State Farm's situation is that Travelers vouched for State Farm's consent to the removal in the Notice of Removal, stating that State Farm consented to the removal. The central issue with respect to State Farm is whether this vouched-for consent constitutes sufficient compliance with the removal statute's requirement that all defendants must join in the removal.  There is a split of authority on this question.  Therefore, the court sets this specific question aside for the moment and begins by addressing other aspects of defendants' arguments as to why State

Farm's failure to join in the Notice of Removal, or its failure to file its own Consent to the Removal, do not require remand.

As previously noted, § 1446(b) requires the Notice of Removal to be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief.  The parties do not dispute that this is the rule but they disagree as to when the thirty-day period was triggered.  Plaintiffs rely on service papers for all four defendants dated October 16, 2014.  Doc. no. 21-1.  Defendants, on the other hand, argue that service of the Petition did not trigger the thirty-day time limit because the Petition was unsigned.

For their argument that service of the Petition did not trigger the time limit, defendants rely on 12 O.S. Supp. 2013 § 2011(A).  That statute requires pleadings and other papers to be signed.  It also provides that an unsigned paper shall be stricken unless the omission of the signature is corrected promptly after being called to the attention of the filing attorney or party.

Defendants argue that § 2011 renders the unsigned petition ineffective for all purposes material here.  Section 2011, however, does not state or suggest that an unsigned pleading is ineffective.  The statute implies that an unsigned pleading should only be stricken if and when the omission is not promptly corrected after being called to the attention of the filer.  Here, plaintiffs provided a signature after they noticed the Petition was not signed, filing a signed Amended Petition in state court on October 23, 2014.  Doc. no. 1-3.  Nothing indicates that plaintiffs failed to promptly supply a signature after the missing signature was noticed.  Not only was an Amended Petition, including a signature, promptly filed in state court, plaintiffs filed a Notice of Correction of Omitted Signature in this court on January 7, 2015.  Doc. no. 35. Moreover, the federal statute's thirty-day window for removing or joining in a removal begins on the date of "receipt...of a copy of the initial pleading setting forth

the claim for relief." 28 U.S.C. § 1446(b).  The Petition is "the initial pleading setting forth the claim for relief."  The thirty-day window for non-removing defendants to join the removal was triggered by service of the original Petition on October 16, 2014.

Next, defendants argue that as an indication of State Farm's consent to removal, the court should consider the fact that State Farm filed an Answer, and a Motion to Dismiss, in this court.  *See*, doc. nos. 12, 13, filed November 26, 2014.  These filings make no representations regarding State Farm's consent to the removal.  *See*, *e.g.*, Jarvis v. FHP of Utah, Inc., 874 F.Supp. 1253, 1254-55 (D. Utah 1995) (filing of motion to dismiss within the thirty-day time limit did not constitute timely consent, citing Production Stamping Corp. v. Maryland Casualty Co., 829 F. Supp.1074 (E.D. Wis. 1993), for the proposition that the mere filing of an Answer does not constitute sufficient consent to removal).  In addition, State Farm's Answer and Motion to Dismiss were filed on November 26, 2014, which is outside the thirty-day window triggered by service of the Petition.  Neither the Answer nor the Motion to Dismiss constitute a timely filing by State Farm of its Consent to Removal.

The court also notes State Farm's alternative request that if the court finds its consent was defective in any way, State Farm be given leave to file an Amended Notice of Removal.  Doc. no. 32, p. 11.  State Farm has not filed a motion seeking leave to file an Amended Notice of Removal.  No party has filed such a motion. Rather, the request for leave to file an Amended Notice of Removal is embedded within State Farm's response brief.  *See*, LCvR7.1(c) (each motion shall be filed as a separate document; response to a motion may not also include a motion or cross-motion made by the responding party).  Failure to file a separate motion deprives the court and the parties of developed briefing devoted to this issue.

Even if the court were to overlook this problem, district courts within the Tenth Circuit have held that a failure of all defendants to join in the removal is a substantial

-9-

defect in removal proceedings and that amendment to the Notice of Removal is only proper within the thirty-day period established by the removal statute. *See*, *e.g.*, Maddox v. Delta Airlines, Inc., 2010 WL 3909228 at *7 (N.D. Okla. 2010) (amendments to the Notice of Removal are only permitted within the removal statute's thirty-day period); First National Bank & Trust Co. in Great Bend v. Nicholas, 768 F.Supp. 788, 790 (D. Kan. 1991) (time limits found in § 1446 are strictly enforced and are not subject to extension by consent of the parties or order of the court). Here, the embedded request was made after the thirty-day period had elapsed.

Having rejected the above arguments advanced by the defendants, the issue which remains is the central one: whether the statement made by Travelers in its Notice of Removal – that State Farm "consent[s] to this removal" – constitutes sufficient compliance with §1446(b)(2)(A). As already noted, there is a split among the circuits on this issue.[4] The parties have not cited any specific guidance from the Tenth Circuit.

Having reviewed the authorities, this court is persuaded by the view set out in Swanson v. U.S. Bank, N.A., 2011 WL 1585134 (D. Utah 2011). In that case, defendants argued the removal was sufficient because the notice stated that U.S. Bank consented to the removal, thereby properly manifesting its joinder in the removal and making consent unanimous. *Id*. at *2. Much like the Notice of Removal in issue here, the Notice of Removal in Swanson stated simply as follows: "U.S. Bank, N.A. has

---

[4]*See*, 16 Moore's Federal Practice, *supra* at § 107.11[1][c] (Fifth, Seventh and Eighth Circuits, as well as various district courts, generally require that each served co-defendant sign the removal petition or submit a timely, written notice of consent to removal, at n.27; for the specific proposition that the removing party's statement is insufficient, Moore's cites decisions from the Seventh Circuit plus district court decisions from courts in the Second, Third, Tenth and Eleventh Circuits, at n.27.1; per Moore's, the Fourth, Sixth and Ninth Circuits require only that at least one attorney of record sign the notice and certify that the remaining defendants consent to removal, at n.28.1).

consented to the removal of this case." *Id*.  The district court rejected defendants' contention that this was sufficient. *Id*.

    <u>Swanson</u> begins by reviewing the relevant standards, which are as follows.

>     A defendant may remove any civil action brought in a state court if a federal court has original jurisdiction over the claim. 28 U. S .C. §1441(a). The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. <u>Basso v. Utah Power & Light Co.</u>, 495 F.2d 906, 909 (10th Cir.1974). The party invoking the court's removal jurisdiction has the burden to establish the court's jurisdiction. <u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). "Removal statutes are to be strictly construed ... and all doubts are to be resolved against removal. <u>Fajen v. Found. Reserve Ins. Co., Inc.</u>, 683 F.2d 331, 333 (10th Cir.1982).
>
> A. Joinder
> Where there are multiple defendants, subject to certain statutory exceptions not relevant here, all defendants served at the time of filing must join in the notice of removal. <u>Akin v. Ashland Chem. Co.</u>, 156 F.3d 1030, 1034 (10th Cir.1998), *cert. denied*, 526 U .S. 1112 (1999); <u>Cornwall v. Robinson</u>, 654 F.2d 685, 686 (10th Cir.1981). If this requirement is not met, the notice of removal is procedurally defective. *Id*. *See* 28 U.S.C. § 1447(c) (a defect in the removal procedure is one of two grounds specified for remand).

<u>Swanson</u> at * 1.

    <u>Swanson</u> then notes the parties' acknowledgment that the Tenth Circuit has not weighed in on what specifically is necessary to satisfy the requirement that all defendants join or consent to the removal petition. *Id*. <u>Swanson</u> acknowledges courts which have indicated that the weight of authority on this subject requires written, timely consent from each defendant who has been served.  *Id*. at *2, n.1, and cases quoted there. <u>Swanson</u> finds the defendants' reliance on <u>Tresco, Inc. v. Continental</u>

Casualty Co., 727 F.Supp.2d 1243 (D. N. M. 2010), unpersuasive (this is the principal case relied on by the defendants in the instant case), noting that even Tresco recognizes its ruling may be against the weight of authority.  Swanson at *2, n.1.

Swanson states that a consenting defendant unambiguously signals joinder in the removal by signing the notice of removal, by filing its own notice of removal, or by filing a brief written statement consenting to removal, thereby fulfilling the procedural requirements of unanimity, a requirement which is not burdensome.  Id. at *2.  Swanson observes that "having each consenting defendant state its consent for the record, removes any doubt for the court and for the plaintiff of the clear intent of each party defendant." Id.  Swanson notes that this requirement is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand. Id.  The court also states that the requirement is not an onerous requirement which unfairly disadvantages defendants, or which can be manipulated by plaintiffs. Id.

For these and other reasons, Swanson found the removal defective despite the fact that the removing defendant had represented in the Notice of Removal that the non-removing defendants consented.

Examples of other decisions which are consistent with this approach include:

– Kozel v. Oklahoma Department of Public Safety, 2012 WL 3101403 (E. D. Okla. 2012) (statement in Notice of Removal that other defendants do not object is not sufficient; nothing unfair about requiring each defendant to either sign the Notice of Removal, file its own Notice of Removal, or file a written consent or written joinder to the original Notice of Removal; filing of a motion to dismiss does not satisfy the rule; case remanded);

– Vasquez v. Americano U.S.A., 536 F.Supp.2d 1253, 1257 (D. New Mex. 2008) (Notice of Removal which stated that parties consented to the removal found insufficient; formal consent to removal by all defendants, in writing, is required);

– <u>Jarvis v. FHP of Utah, Inc.</u>, 874 F.Supp. 1253 (D. Utah 1995) (each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty-day period; filing a motion to dismiss does not unambiguously manifest consent to join in the removal); and

– <u>Wakefield v. Olcott</u>, 983 F.Supp. 1018, 1021 (D. Kan. 1997) (not enough that a notice of removal states that other defendants consent or do not object to removal).

Aside from <u>Tresco</u>, defendants rely most heavily on language from Judge Claire V. Eagan's ruling in <u>Maddox v. Delta Airlines, Inc.</u>, 2010 WL 3909228 (N.D. Okla. 2010). In <u>Maddox</u>, Judge Eagan granted a motion to remand on the ground that two of the three defendants failed to join in the Notice of Removal. The case did not involve the same issue that is presented here. It did not involve a written statement in the Notice of Removal that the other defendants consented, although defendants contended that the other defendants had given their consent during conversations. Defendants also contended that their filing of Answers constituted timely consent. *Id*. at *3. At one point, Judge Eagan noted that counsel for the removing party had stated that he was aware of consent by the other defendants to removal, Atlantic and Skywest, at the time the notice of removal was filed. *Id*. at *6. Judge Eagan then stated that the removing counsel "failed to include a simple statement to that effect that would have cured any defect in the notice." *Id*.

Defendants read too much into the above statement by Judge Eagan. In <u>Maddox</u>, all defendants had shared counsel. *Id*. at *4, n.6. Therefore, in <u>Maddox</u>, a statement in the Notice of Removal about the consent of another defendant represented by the same counsel as the removing party would not have been the type of "vouched for" consent under consideration here. Rather, such a statement would have constituted the non-removing party's actual consent, made through their own counsel, per usual.

Furthermore, read as a whole, <u>Maddox</u> indicates that Judge Eagan reads the removal statute strictly and that she requires unambiguous expressions of consent to the removal within the thirty-day period from each defendant.  For example, she cites <u>Snead v. Woodbine Prod. Corp.</u>, 2008 WL 4610236 at *2 (W.D. La. 2008), as a case finding lack of consent to removal where defendant filed an answer silent as to that issue, because each defendant must consent to removal officially, affirmatively, and unambiguously.  <u>Maddox</u> at *6, n. 9  At another point in <u>Maddox</u> Judge Eagen states, "To comply with the requirements of the unanimity rule, the Court must actually receive acknowledgment of consent by each defendant; it will not be implied." <u>Maddox</u> at *4.  For various reasons, <u>Maddox</u> provides little to no support for defendants' contentions in this case.

In sum, it is well established that defendants in a multi-defendant case must join in the notice of removal.  *See*, <u>Chicago, Rock Island, & Pacific Railway Co.  v. Martin</u>, 178 U.S. 245, 248 (1900) (well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition to remove; all defendants must join in the application).  While there may be no explicit Tenth Circuit guidance available on the narrow issue before the court, Tenth Circuit cases state the rule that all defendants must join in the removal.  *See*, <u>Akin v. Ashland Chemical Co.</u>, 156 F.3d 1030, 1034 (10th Cir. 1998) (noting "the general removal rule under 28 U.S.C. § 1441 and §1446 which require all defendants to join in the removal petition"); <u>Cornwall v. Robinson</u>, 654 F.2d  685 (10th Cir. 1981) ("A co-defendant...did not join in the petition for removal and the petition was thus procedurally defective.").

The court recognizes that to some extent these statements only beg the question as to how the requirement that each defendant must join may be satisfied.  Given the need for strict construction of the removal statutes, the fact that the burden of proof

rests on the removing party, and the need for a bright-line rule, the court finds that Travelers's statement vouching for State Farm's consent to the removal, is insufficient.   As stated in <u>Wakefield v. Olcott</u>, 983 F.Supp. at 1021, quoting <u>Henderson</u>, 920 F. Supp. at 1186-87: "Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period.   *It is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal.* One defendant's attempt to speak on behalf of another defendant will not suffice." *Id.*, italics added by <u>Wakefield</u>, citations and quotations omitted.

As a non-removing defendant, State Farm, which has not joined in the Notice of Removal and which has not timely filed its own Notice of Removal, is required to unambiguously, and in a timely manner, file a Notice of Consent to the removal or to file some other similar paper.  There is no unfairness in requiring State Farm to do one of these things, none of which were done here.  And a short digression may be appropriate here.  Jurisdictional issues are, needless to say, serious business.  An approach to the unanimity requirement that countenanced something less than an expression made directly by all those whose unanimous concurrence is required would quite possibly invite more mischief than it would avoid.  It is not unreasonable for the court to expect that the defendants who wish to invoke removal jurisdiction will get their acts together and get the necessary papers on file in a timely manner.

Because nothing was ever timely filed by State Farm which voiced its own consent, the removal was deficient and remand is required.

<u>Ruling</u>

After careful consideration, the remand motions are **GRANTED**. Doc. nos. 21, 24.  This action is hereby **REMANDED** to the District Court of Oklahoma County, State of Oklahoma.

The court notes plaintiffs' request for attorney fees and costs incurred as a result of the removal.  Although the court has found the removal deficient, there was a reasonable basis for debating the propriety of the removal.  Plaintiffs' request for fees and costs is **DENIED**.

Dated this 6th day of February, 2015.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-1279p006.wpd